**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| 913 MARKET, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N16C-09-240 CLS |
| INVESTUSA HOLDING | ) | |
| ENTERPRISES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

Date Decided:  June 12, 2018

On Plaintiff 913 Market, LLC's

Motion for Summary Judgment.

**DENIED**

**ORDER**

This action arises out of a claim for breach of contract.  Plaintiff, 913 Market, LLC (hereinafter "Plaintiff") filed a Complaint with this Court on September 27, 2016 alleging that Defendant, InvestUSA Holding Enterprises, LLC ("Defendant") breached a contract for the sale of a property located at 913 North Market Street, Wilmington, Delaware.  Plaintiff filed a Motion for Summary Judgment.

1

## Background

In June 2016, Plaintiff held an auction for the sale of the property located at 913 North Market Street in Wilmington. Defendant was the highest bidder with a bid of $1,200,000. A Sale Agreement was drafted by Seller's agent and that Agreement is at the crux of this action. Closing was scheduled for July 15, 2016. Closing did not occur as scheduled, attempts at mediation failed, and eventually this action was filed. Plaintiff, in an effort to ensure the sale of the property entered into a "backup" contract with the second highest bidder on August 3, 2016. The property was eventually sold in June 2017 to a third party.

## Standard of Review

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[1] The moving party bears the initial burden of showing that no material issues of fact are present.[2] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[3] In considering a motion for summary

---

[1] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[3] *Id.* at 681.

judgment, the Court must view the record in a light most favorable to the non-moving party.[4] The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[5]

**Parties Assertions**

The Parties agree that Defendant was the highest bidder at auction for the sale of property located at 913 North Market Street, Wilmington, Delaware. Subsequent to that auction the Parties entered into a Sales Agreement for the property. The Parties agree the contract filed with Plaintiff's motion is the contract at issue before the Court.[6] The parties agree closing was to be held on July 15, 2016, but did not occur as scheduled. It is undisputed that a "backup" contract was entered into by Plaintiff for the sale of the property after the original closing date. It is also undisputed that the property eventually sold in 2017 to a third party.

Plaintiff in their motion argues the contract terms are clear and unambiguous, Defendant breached the contract when closing did not occur on July 15th, and as a result they are entitled to recover the Earnest Money Deposit. The deposit stated in the contract is $61,687.50 and the addendum to the contract filed by Plaintiff

---

[4] *Burkhart*, 602 A.2d at 59.
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).
[6] Pl. Mot. Ex. A.

3

enlarges that deposit to $123,375. Per the deposition of Defendant's representative $123,375 was deposited into escrow.[7]

Defendant opposes summary judgment on several grounds. Defendant argues there is a dispute as to if and when the contract was terminated, and whether written notice requirements of the contract were met. Defendant contends the $123,000 damage claim is factually unsupported. Defendant raises issue with Plaintiff's entering into the "backup" contract, while dialogue continued between Plaintiff and Defendant. Additionally, Defendant seeks leave from the Court to file a counterclaim.

In support of their opposition Defendant has submitted the "backup" contract entered into by Plaintiff, and an email from Plaintiff's counsel dated January 16, 2017. Defendant offers the second contract to call into question if and when the contract in dispute was terminated. Defendant proffers the email as evidence indicating the parties were simply "out of contract, meaning that the Plaintiff is not entitled to the deposit."[8]

---

[7] Pl. Mot. Ex. C
[8] Def. Resp. Ex. 2.

## Analysis

It appears there are material facts remaining at issue before the Court. There are unresolved questions related to Plaintiff's breach of contract claim. Furthermore, reviewing the facts in the light most favorable to Defendant there is a discrepancy as to the amount of damages owed in the event of a breach. Reviewing the record in a light most favorable to Defendant, the Court finds that a more thorough inquiry into the facts is desirable to clarify the application of the law to the circumstances.

## Backup Contract

Defendant has produced a second contract for the sale of 913 North Market, entered into by Plaintiff and a third party as evidence raising questions of termination of the contract between Plaintiff and Defendant and damages for breach. Plaintiff does not dispute the authenticity of the second contract. However, when interpreting contracts "Delaware courts are obligated to confine themselves to the language of the document."[9] Upon a finding that the contract clearly and unambiguously reflects the parties' intent, the Court must refrain from destroying or twisting the contract's language, and confine its interpretation to the contract's "four corners."[10]

---

[9] *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 289 (Del. 2001)
[10] *AFH Holding Advisory, LLC v. Emmaus Life Scis., Inc.*, 2013 WL 2149993, at *4 (Del. Super. Ct. May 15, 2013)

The Court observes that this "backup" was entered into by Plaintiff and a third party. It appears that Defendant was not entitled to anything under the "backup" contract. It is hard to see what effect that agreement has on this case, or if any award under that agreement would reduce liability for breach of the case at bar.

The Court finds there are questions as to the meaning of "out of contract" as used by Plaintiff, and what relevance the "backup" contract has to the contract between Plaintiff and Defendant. At this time there is not enough information before the Court to make a decision based on the facts presented.

**Damages**

Defendant opposes an award of liquidated damages in favor of Plaintiff. Defendant calls to the attention of the Court a judgment in a separate action related to the same property in favor of Plaintiff in which Plaintiff was awarded $118,000 as liquidated damages.[11] Defendant claims with the judgment in that action and eventual sale of the property Plaintiff has been made whole.

The purpose of liquidated damages is to set in advance the amount of damages which are difficult to ascertain at the time of contracting.[12] When analyzing

---

[11] The action referred to is captioned as *913 Market, LLC v. Kamal Bathla*, Defendant in that action has appealed to the Delaware Supreme Court an entrance of Summary Judgment in favor of the Plaintiff.

[12] *S.H. Deliveries, Inc. v. TriState Courier and Carriage, Inc.*, 1997 WL 817883 (Del.Super.1997) at *2.

6

liquidated damages this Court's position is that "[i]t matters not whether actual damages are proven, or that the liquidated damages are substantially larger than the actual damages, so long as the liquidated damages were a reasonable estimate of the damages which would be caused."[13]

Defendant's argument is unpersuasive. The parties agreed by entering into the contract that the liquidated damages clause contained therein would be the measure of damages in the event of a breach by Defendant. Although the amount is in dispute, the liquidated damages clause represented a reasonable estimate of the damages Plaintiff could have expected at the time of execution.

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED.** Defendant's request for leave to file a counterclaim will be addressed in future proceedings before this Court.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**

---

[13] *Tropical Nursing, Inc. v. Arbors at New Castle Subacute & Rehab. Ctr.*, 2005 WL 8135148 (Del. Super. 2005), at *5.